A matter of Consolidation Coal Company v. The Workers' Compensation Commission, 5090299. Counsel, please. Anybody here? May it please the Court, my name is Brandon Zanotti and I represent the respondent appellate, Consolidation Coal Company, in this matter. The issues before the Court are that of jurisdiction, statute of limitations, and whether the award of permanent total disability benefits were against the preponderance of the evidence contrary to law. Your Honors, being that the facts are set forth in detail in the briefs, I will respectfully move on to the arguments at hand unless requested to do otherwise. As for jurisdiction, the statute of limitations, this issue is a matter of statutory interpretation as to the definition and meaning of the word or in Section 60 of the Illinois Workers' Compensation Act. There is no case law currently on record addressing this issue. Section 60 states in relevant part that unless the application for compensation is filed with the Commission within three years after the date of accident, where no compensation has been paid, or within two years after the date of last payment of compensation, where any has been paid, whichever shall be later, the right to file such application shall be barred. Now, in this case, isn't it true that the TTD was paid until October 2003, correct? That is correct. And it was filed in two years of that, was it not? It was, Your Honor. What's so unique about that? Well, Your Honor, Mr. Brown filed his claim in 1992. That claim was dismissed in 1996 for warrant of prosecution. But isn't that a separate issue? That may be the more difficult issue, the reinstatement. According to the statute you just cited, as long as the claim was filed within two years from the time TTD was last paid, isn't that allowed under the statute? Well, Your Honor, I believe, and to answer your question, to go back to what you were saying with the first claim, we believe that it was the same accident. The first claim that was dismissed was the same accident. It was the same issues. Do you have a right to refile after a dismissal for warrant of prosecution and workers' compensation? Yes, you have the claimant has 60 days to reinstate. No, that's to reinstate. I asked you if you have a right to refile. I have a right to refile the claim. I believe, Your Honor, that you do, but... How much time do you need to get it to refile? Do you mean after it's been dismissed? Mm-hmm. Your Honor, I'd have to look at that, and I have the statute with me. I could check on that. Well, there's nothing there. It doesn't say anything. So do you use the civil practice act? That would give you one year or the balance of the statute of limitations, whichever is the later. And if you go under the civil practice act, he filed within the balance of the statute of limitations. Because he filed within two years of the last payment of benefits. And I see what you're saying, Your Honor. I believe what we are trying to argue, though, is that there's just some ambiguity as far as... In this case, Mr. Brown did both. And that's what we're trying to get at by looking at the meaning of the word or in this act. Because he did do both. He filed the claim, it was dismissed, and then he filed again within two years of the last payment of compensation. That's why I asked you the question, does he have a right to refile after a DWP? Well, and that's, Your Honor, we're taking the position that Mr. Brown does not. Well, he did several things there, and I think the employer must have done several things there, too, that I don't understand. Such as paying TTD up until this long period of time. Your Honor, that is a very good point. My client was not under any legal obligation during that time to pay it. My client recognized the accident, they recognized the causal connection, etc. What were they paying it for? Well, Your Honor, they believed that it was the right thing to do at that time. My client assumed that Mr. Brown would have reinstated his claim. At the time, he did not. And it was one of those matters that, quite frankly, was overlooked. They did acknowledge that he did deserve some form of payment and continued payment. Well, have they changed their mind now? I'm sorry. Have they changed their mind now? Well, in 2003, I mean, you know, Your Honor, yes, in a way, to answer your question, yes, they did. But, as I said, because at that time there was no legal obligation. It's just what my client felt that they should do at that time. Let me just turn it around, perhaps. Sure. Can you cite any provision of the Act or the Commission rules that preclude the party following the dismissal of the claim or want of prosecution from filing a new claim under a different case number? Can you cite anything that serves as a legal prohibition against doing that? No, I cannot, Your Honor. I know that the petitioner, the appellee, cites a Commission decision which is not binding and is not precedent in this court. But aside from that, do you have any authority that says that this is, you know, there's some legal impediment to doing this? Correct. Outside of legally not to answer your question. It's just more of a matter of what we believe is an issue of fairness. And, you know, I mean, just the very nature, again, as you all know, Your Honors, Mr. Brown filed the claim. It sat on the docket. It languished. It was dismissed for want of prosecution. And about eight years, almost eight years went by before he refiled. The question is, does he have a legal right to do so? Illegal. That's the issue of the case. Correct. And we are taking a position that he does not. And that is why? What's the rationale for that position? Well, we believe that, in this case, he had his time. He had his time to do it. I mean, it's just the very, I believe it goes back to the very nature and policy behind why we have statute of limitations, statutes and rules in the first place. He had his time meeting in 60 days that was in the order of dismissing it. Is that what you're saying? Yes, Your Honor. If I move on to the second issue regarding the permanent total disability award. Why couldn't they accept the testimony of Blaine and Perry? I'm sorry, Your Honor? Why couldn't the Commission accept the testimony of Blaine and Perry to support the permanent total disability award? Well, Your Honor, Dr. Perry's diagnosis or report, if you will, that the petitioner is permanently totally disabled, the last one was from 1996. We had several years in there between the filing of the 2003 claim. And if you look at the medical records and the record as a whole, there is improvement. Improvement with Mr. Brown's condition as far as ambulating and getting around, etc. That wasn't taken into account. Any doctor you called testified contrary to Perry? No, sir. What about Blaine? Ms. Blaine spent just barely over an hour with Mr. Brown. And the bulk of what she did with him consisted of doing basic skills tests, math tests, etc. that we believe didn't really take into account the full gamut of appointment possibilities that would have been available to Mr. Brown. I would just like to point the Court to, as we've argued in our brief, the Archer-Daniels-Biglin case, as far as the burden regarding this vocational rehabilitation. Once a claimant shows he's unable to perform and obtain regular employment, as Mr. Brown claimed here, the burden shifts to the employer who must establish evidence that the claimant is capable of engaging in some form of regular and continuous employment. And, Your Honors, that is exactly what my client tried to do in this case. And, quite frankly, Mr. Brown refused. There is a requirement under that same case, Archer-Daniels-Biglin, that a claimant make a good faith effort to comply with vocational rehabilitation. My client is getting hit with a permanent total award instead of a permanent partial disability award, which we completely concede that is due here, because Mr. Brown would simply not cooperate with the vocational specialist hired to assist him. Your Honors, unless there are any further questions, in closing, my client, Consolidation Coal Company, hereby respectfully request that this matter be vacated on the statute of limitations grounds, and vacated as to the permanent total disability award, and remanded to the Commission for determination as to the word permanent partial disability. Thank you. Counsel Blades. Good morning, Your Honors. My name is Jim Williams. I'm an attorney from Belleville, Illinois. I represent Mr. Brown in this filing. I did not represent him in the initial case, which was eventually dismissed for one prosecution, which was completely the arbitrator's right, and everything was appropriately done there. What was missed from the argument is that I started out with this case in the trial court. What happened, to direct your question, was that they paid disability through a separate policy. Your Honor, I don't know your name, so I apologize for not using your name. They paid disability compensation through a separate policy. In the trial of this case, they insisted they got a set-off, which is noted in their brief, for TTD against the amounts that they paid up to that time. They cut my client off in October 2003 from his disability payments, and that's when we filed the case to get the thing moving. That's why the procedural posture is what it is, is that my client had been terminated from any kind of benefit in October 2003. If you read 6D, that statute limitation provides, it's not a this or that. That's where the confusion in this case has been created by a consolidated toll. It's not this or that. The statute is very clear. It gives the petitioner a time frame in which to file a claim. My client had until October 2005 to file this claim. This is two years from the payment, the last payment. The statute couldn't be any clearer. I think that's why there are no cases on this issue. I think that is fair. What is your response to his argument that the notice of dismissal provided that unless the petition to reinstate was filed within 60 days, the cause could not be reopened? Absolutely right. That's absolutely right. That cause could not be reopened. That's why I did not move to reopen that case number under the work comp system. I filed a separate case number. I filed a separate application for adjustment of claim. This is not that case. Does he have an argument that you're exalting form over substance? You're trying to circumvent the rule? Well, I don't think I'm trying to circumvent the rule. The rule provides the petitioner the opportunity to file a claim, and it gives us the outline of when you can file the claim. I mean, I'm doing what's appropriate under the statute. If the policy wants to change, then people next door should change that policy. But as far as what the policy is now, the petitioner is entitled to file, and I've got the Ligris case, L-E-G-R-I-S, that says the statute is extended each time there's a payment under workers' compensation. That's the rule. That's the law under 6. I think that unless there's going to be a change to the law, I get that benefit. And that accrues to the petitioner. I think why that's there. I think there's a good policy reason for that rule to be there. What if employers were allowed to pay TTD to run past the statute of limitations for an award, and they could prevent their employees from being able to file a workers' compensation claim if somehow they could extend the time? So you're saying they sort of would allow the claimant to be lulled into a false sense of security, so to speak, and then pull the rug out from under him or her? I wish I could have said it so well, Your Honor. Yes, that's exactly right. That's what my suggestion is. I think that's why that rule is there, is to prevent the employer from having a better knowledge and experience with workers' compensation and being able to lull the employee into a sense of safety when they receive their TTD checks. On the second issue about permanency, this is going to be kind of an odd situation, but I agree with the defendant, the respondent. I think you should reverse the permanent total in this case and remand it back to the arbitrator for him to award a permanency award, not a permanent total. So I would request the court do that. Thank you, Your Honor. Rebuttal, please. Your Honor, unless you have any further questions, I waive rebuttal. Thank you, counsel. The court will take the matter under advisory for disposition.